**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LVL PATENT GROUP, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. |
| CNN INTERACTIVE GROUP, INC.; ABC, INC.; ESPN, INC.; CBS INTERACTIVE, INC.; FOX NEWS NETWORK, LLC; WARNER BROS. ENTERTAINMENT, INC.; UNIVISION INTERACTIVE MEDIA, INC.; IMDB.COM, INC.; HOME BOX OFFICE, INC.; NETFLIX, INC.; DOW JONES & COMPANY, INC.; HULU, LLC; MLB ADVANCED MEDIA, L.P.; NBA MEDIA VENTURES, LLC; NFL ENTERPRISES, LLC; FLIXSTER, LLC JUMPTAP, INC.; YAHOO!, INC.; SKYPE INC.; GROUPON, INC.; TWITTER, INC.; LINKEDIN CORP.; MYSPACE, INC.; CRAIGSLIST, INC.; MEEBO, INC.; AND YELP! INC., | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## COMPLAINT

Plaintiff LVL Patent Group, LLC, ("LVL") alleges as follows:

### PARTIES

1.      LVL is a Virginia corporation with a principal place of business at 2331 Mill Road, Suite 100, Alexandria, Virginia 22314.

2.      On information and belief, Defendant CNN Interactive Group, Inc. ("CNN") is a Delaware corporation with its principal place of business at 1 Time Warner Center, New York, New York 10019.  CNN has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

3.      On information and belief, Defendant ABC, Inc., ("ABC") is a New York corporation with a principal place of business at 77 West 66th Street, New York, New York

10023.    ABC has appointed National Registered Agents, Inc., 160 Greentree Drive, Suite 101 Dover, Delaware 19904, as its agent for service of process.

4.    On information and belief, Defendant ESPN, Inc., ("ESPN") is a Delaware Corporation with a principal place of business at ESPN Plaza, Bristol, Connecticut 06010. ESPN has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

5.    On information and belief, Defendant CBS Interactive Inc. ("CBS") is a Delaware corporation with its principal place of business 51 West 52nd Street, New York, New York. CBS has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

6.    On information and belief, Defendant Fox News Network, LLC ("Fox") is a Delaware limited liability company with its principal place of business at 1201 West Pico Boulevard, Los Angeles, California 90064.  Fox has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

7.    On information and belief, Defendant Warner Bros. Entertainment, Inc. ("Warner") is a Delaware corporation with its principal place of business at 1 Time Warner Center, New York, New York 10019.  Warner has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

8.    On information and belief, Defendant Univision Interactive Media, Inc. ("Univision") is a Delaware corporation with its principal place of business at 9405 NW 41st Street, Doral Florida 33178.   Univision has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

9.    On information and belief, Defendant IMDb.com, Inc. ("IMDb") is a Delaware corporation with its principal place of business at 410 Terry Avenue N, Seattle, Washington

98109.  IMDb has appointed Corporation Service Company, 2711 Centerville Road, Suite 400 Wilmington, Delaware 19808, as its agent for service of process.

10.     On information and belief, Defendant Home Box Office, Inc. ("Home") is a Delaware corporation with its principal place of business at 1100 Avenue of the Americas, New York, New York 10036.  Home has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

11.     On information and belief, Defendant Netflix, Inc. ("Netflix") is a Delaware corporation with its principal place of business at 100 Winchester Circle, Los Gatos, California 95032.  Netflix has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

12.     On information and belief, Dow Jones & Company, Inc. ("DOW") is a Delaware corporation with its principal place of business at P.O. Box 300, Princeton, New Jersey 08543. DOW has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

13.     On information and belief, Defendant Hulu, LLC ("Hulu") is a Delaware limited liability company with its principal place of business at 1 Tower Lane, Ste 1200, Oakbrook, Terrace, Illinois 60181.  Hulu has appointed Corporation Service Company, 2711 Centerville Road, Suite 400 Wilmington, Delaware 19808, as its agent for service of process.

14.     On information and belief, Defendant MLB Advanced Media, LP ("MLB") is a Delaware limited liability company with its principal place of business at 80 State Street, Albany, New York 12207.  MLB Advanced has appointed Corporation Service Company, 2711 Centerville Road, Suite 400 Wilmington, Delaware 19808, as its agent for service of process.

15.     On information and belief, Defendant NBA Media Ventures, LLC ("NBA") is a Delaware limited liability company with its principal place of business at 333 East Trade Street, Charlotte, North Carolina, 28202.  NBA has appointed United Corporate Services, Inc., 874 Walker Road, Suite C, Dover, Delaware 19904, as its agent for service of process.

16.     On information and belief, Defendant NFL Enterprises LLC ("NFL") is a Delaware limited liability company with its principal place of business at 280 Park Avenue, New York, New York 10017.  NFL has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

17.     On information and belief Defendant Flixster, LLC ("Flixster") is a Delaware limited liability company with its principal place of business at 12200 West Olympic Blvd., Suite 400.  Flixster has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

18.     On information and belief Defendant Jumptap, Inc. ("Jumptap") is a Delaware corporation with its principal place of business at 10 Canal Park, Cambridge, Massachusetts 02141.  Jumptap has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

19.     On information and belief, Defendant Yahoo! Inc. ("Yahoo") is a Delaware corporation with its corporate headquarters and principal place of business at 701 First Avenue, Sunnyvale, California 94089.   Yahoo has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

20.     On information and belief, defendant Skype Inc. is a Delaware corporation with a principal place of business at 160 Greentree Drive, Suite 101, Dover, Delaware 19904.   Skype has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

21.     On information and belief Defendant Groupon, Inc. ("Groupon") is a Delaware corporation with its principal place of business at 1600 West Chicago Avenue, Suite 620, Chicago, Illinois 60654.  Groupon has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

22.     Defendant Twitter Inc. ("Twitter") is a Delaware corporation with its principal place of business at 795 Folsom Street, Suite 600, San Francisco, California 94107.  Twitter has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

23.     LinkedIn Corporation ("LinkedIn") is a Delaware corporation with its principal place of business at 2029 Stierlin Court, Mountain View, California 94043.  LinkedIn has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

24.     Myspace, Inc. ("Myspace") is a Delaware corporation with its principal place of business located 407 N. Maple Drive, Beverly Hills, California 90210.   Myspace has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801, as its agent for service of process.

25.     Craigslist, Inc. ("Craigslist") is a Delaware corporation with its principal place of business located at 1381 9th Avenue, San Francisco California 94122.  Craigslist has appointed Incorporation Services, Ltd., 3500 South Dupont Highway, Dover, Delaware, 19901, as its agent for service of process.

26.     Meebo, Inc. ("Meebo") is a Delaware corporation with its principal place of business located at 215 Castro Street, Mountain View, California 94041.  Meebo has appointed Corporation Service Company, 2711 Centerville Road Suite, 400, Wilmington, Delaware 19808, as its agent for service of process.

27.     Yelp! Inc. ("Yelp") is a Delaware corporation with its principal place of busness located at 706 Mission Street, 7th Floor, San Francisco, California 94103.  Yelp has appointed National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904 as its agent for service of process.

JURISDICTION AND VENUE

28.     This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq.*, including § 271.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

29.     Venue is proper in this district under 28 U.S.C. §§ 1391 (b)-(d) and 1400(b) because each defendant is subject to personal jurisdiction in this district, has committed or induced acts of patent infringement in this district, or has a regular and established place of business in this district.

COUNT I

(Infringement of U.S. Patent No. 8,019,060)

30.     LVL is the owner by assignment of United States Patent No. 8,019,060 ("the '060 patent"), entitled "Telephone/Transaction Entry Device and System for Entering Transaction Data into Databases."  The '060 patent issued on September 13, 2011.  A true and correct copy of the '060 patent is attached hereto as Exhibit A.

31.     Defendant CNN has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform

32.     Defendant ABC has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

33.     Defendant ESPN has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming

a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

34.     Defendant CBS has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

35.     Defendant Fox has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

36.     Defendant Warner has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

37.     Defendant Univision has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

38.     Defendant IMDb has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming

a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

39.     Defendant Home has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

40.     Defendant Netflix has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

41.     Defendant DOW has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

42.     Defendant Hulu has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

43.     Defendant MLB has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

44.     Defendant NBA has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

45.     Defendant NFL has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

46.     Defendant Flixster has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

47.     Defendant Jumptap has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

48.     Defendant Yahoo has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

49.     Defendant Skype has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell,

or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

50.     Defendant Groupon has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

51.     Defendant Twitter has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

52.     Defendant LinkedIn has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

53.     Defendant Myspace has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

54.     Defendant Craigslist has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to

sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

55. Defendant Meebo has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

56. Defendant Yelp has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

57. As a result of each defendant's infringement of the '060 patent, LVL has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless each defendant's infringing activities are enjoined by this Court.

58. Unless a permanent injunction is issued enjoining each defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on its behalf from infringing the '060 patent, LVL will suffer irreparable harm.

<u>PRAYER FOR RELIEF</u>

LVL prays for the following relief:

1. A judgment that each defendant has infringed (either literally or under the doctrine of equivalents) one or more claims of the '060 patent;

2. A permanent injunction enjoining defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing each of the '060 patent;

3.      An award of damages resulting from each defendant's acts of infringement in accordance with 35 U.S.C. § 284;

4.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to LVL its reasonable attorneys' fees against each defendant;

5.      A judgment and order requiring defendants to provide an accounting and to pay supplemental damages to LVL, including without limitation, pre-judgment and post-judgment interest; and

6.      Any and all other relief to which LVL may show itself to be entitled.

<u>DEMAND FOR JURY TRIAL</u>

LVL demands a trial by jury on all issues so triable.

September 15, 2011                              BAYARD, P.A.

                                               /s/ *Stephen B. Brauerman*
                                               Richard D. Kirk (rk0922)
                                               Stephen B. Brauerman (sb4952)
Of Counsel:                                    222 Delaware Avenue, Suite 900
                                               Wilmington, DE  19801
Marc A. Fenster                                (302) 655-5000
Russ, August & Kabat                           rkirk@bayardlaw.com
12424 Wilshire Boulevard, 12th Floor           sbrauerman@bayardlaw.com
Los Angeles, CA  90025-1031
(310) 826-7474                                 Attorneys for Plaintiff,
mfenster@raklaw.com                            LVL Patent Group, LLC

12